UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA TENNANT                                                    PLAINTIFF

v.                              No. 2:19-CV-02122

SETH TROTTER, et al.                                            DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion for summary judgment (Doc. 21), brief in support (Doc. 22), and statement of facts (Doc. 23). Plaintiff filed a response (Doc. 26) and response to statement of facts (Doc. 26-1). The motion for summary judgment will be granted in part and denied in part.

### I.    Background[1]

On May 10, 2017, Plaintiff Joshua Tennant was arrested in Fort Smith, Arkansas by the Fort Smith Police Department on various weapon and drug related charges. Upon arrest, Plaintiff was taken to the Sebastian County Detention Center ("SCDC"), where he was informed that he could not post bond and was required to stay overnight. During processing, Plaintiff was left unhandcuffed and was taken to a back shower area to be searched, accompanied by Defendants Seth Trotter, Brettly Florence, and Justin Wayne Davis, SCDC officers. Plaintiff was instructed by Defendants that he would be required to cut two dreadlocks out of his hair because pieces of colored string were tied into and interwoven in the dreadlocks and could not otherwise be removed, which he was told was not permitted in jail housing. Plaintiff repeatedly asked Defendants why he had to cut his hair and informed Defendants that when he had been arrested previously he had

---

[1] The parties are largely in dispute about the factual background of this case. Because the Court must view the evidence in the light most favorable to Plaintiff as the nonmoving party, the background facts will be stated as alleged and testified to by Plaintiff.

not been required to cut his hair.  Defendant Trotter, through previous, unrelated interactions with Plaintiff, knew Plaintiff had trained in weightlifting and cage fighting.  When Plaintiff continued to question and deny Defendants' request that he either cut his hair or allow it to be cut, Defendant Trotter warned Plaintiff that "he was going to give [Plaintiff] one more chance to cut [his] hair and then [Defendant Trotter] was going to mace [Plaintiff] and take [him] to the ground."  (Doc. 23-1, p. 26-27, Deposition of Joshua Tennant, 25:24-26:1).  Plaintiff continued questioning Defendants, and Defendant Trotter deployed mace at Plaintiff.  Plaintiff dropped to the ground, where he was kicked in the side by Defendant Davis.  Defendant Florence grabbed Plaintiff's arm and forced it behind his back, pushing Plaintiff's fist towards the back of his neck.  Plaintiff exclaimed to Defendant Florence that he was about to break Plaintiff's arm, but Defendant Florence continued applying pressure until Plaintiff's arm popped.  Plaintiff was then handcuffed, the dreadlocks were cut out of his hair, and he was taken to the medical cell in the back of the jail for the night.

The next day, Plaintiff was taken to the hospital to have his elbow x-rayed.  The hospital at that time informed Plaintiff that his elbow was not broken.  However, the pain in Plaintiff's elbow did not cease, and after his release he went to a different hospital to get a second opinion. After an x-ray, the second hospital informed Plaintiff that his elbow was fractured, and a later MRI also revealed torn ligaments and a torn tendon, which required surgery to correct.

Plaintiff brought the instant action under 42 U.S.C. § 1983 against Defendants in their individual capacities alleging that Defendants used excessive force and were deliberately indifferent to a serious medical need in violation of his rights as a pretrial detainee under the Fourteenth Amendment Due Process Clause.  Defendants moved for summary judgment on the § 1983 claims.

## II.      Summary Judgment Standard

On a motion for summary judgment, the burden is on the moving party to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant has met its burden, the nonmovant must present specific facts showing a genuine dispute of material fact exists for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In order for there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970)).

## III.      Analysis

### A.      § 1983 Excessive Force Claim

In a § 1983 action, qualified immunity shields a law enforcement officer from liability unless: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Barton v. Taber*, 908 F.3d 1119, 1123 (8th Cir. 2019) (citing *Howard v. Kan. City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009)).  "The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (first quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); and then citing *Andrews v. Neer*, 253 F.3d 1052, 1060–61 (8th Cir. 2001)) (alterations adopted).

"Thus, our due-process excessive-force analysis focuses on whether a defendant's 'purpose in using force against a pretrial detainee was to injure, punish or discipline' the detainee." *Id.* (first quoting *Putman v. Gerloff*, 639 F.2d 415, 421 (8th Cir. 1981); and then citing *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)) (alterations adopted).   Analysis of these claims borrows from Eighth Amendment case law.   *Id.*

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013)).   In deciding whether a particular use of force was reasonable, courts consider "whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)

### 1.  Defendant Trotter

The Court finds Defendant Trotter's action of spraying mace at Plaintiff was a reasonable use of force, and Defendant Trotter is therefore entitled to qualified immunity.  Plaintiff testified that Defendant Trotter was aware Plaintiff had trained in weightlifting and cage fighting, and Plaintiff was unrestrained while talking to Defendants.  Defendant Trotter repeatedly requested that Plaintiff either cut his dreadlocks himself or allow them to be cut out, and prior to deploying the mace warned Plaintiff that "he was going to give [Plaintiff] one more chance to cut [his] hair and then [Defendant Trotter] was going to mace [Plaintiff] and take [him] to the ground."  (Doc. 23-1, p. 26-27, Deposition of Joshua Tennant, 25:24-26:1).  Under these facts, there is no genuine dispute of fact that Defendant Trotter deployed the mace in a good-faith effort to maintain

discipline, and no reasonable juror could find Defendant Trotter acted maliciously and sadistically to cause harm in violation of a clearly established constitutional or statutory right. *Cf. Treats*, 308 F.3d at 873 ("A basis for an Eighth Amendment claim exists when, as alleged here, an officer uses pepper spray *without warning* on an inmate who may have questioned his actions but who *otherwise poses no threat*." (emphases added)). Therefore, Defendant Trotter is entitled to qualified immunity, and the claims against him will be dismissed.

### 2. Defendant Florence and Defendant Davis

The Court finds that, viewing the evidence in the light most favorable to Plaintiff, Defendant Florence and Defendant Davis are not entitled to qualified immunity. Plaintiff testified in his deposition that while he was lying on the ground incapacitated by the mace deployed by Defendant Trotter, Defendant Davis began kicking him in the side and Defendant Florence pulled Plaintiff's arm behind his back at an angle that caused lasting injury to his elbow, despite the cries of warning from Plaintiff that Defendant Florence was about to break his arm. Plaintiff claims he was in no way resisting or fighting the officers while these actions occurred.

Accepting Plaintiff's testimony as true, because Plaintiff was incapacitated on the ground there was no objective need for force by Defendant Florence and Defendant Davis. It is also worth noting that the force employed by Defendant Florence was sufficient to fracture Plaintiff's elbow and tear ligaments and a tendon. The evidence creates a factual dispute as to whether Defendant Florence and Defendant Davis's use of force had a punitive purpose and was not a good-faith effort to maintain discipline, and thus was objectively unreasonable. Therefore, Defendant Florence and Defendant Davis are not entitled to qualified immunity at the summary judgment stage.

**B.** **§ 1983 Deliberate Indifference to a Serious Medical Need**[2]

In a § 1983 deliberate indifference action, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This standard includes "both an objective and a subjective component: 'The plaintiff must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)) (alterations adopted).

The record does not indicate that Plaintiff had any serious medical need prior to the elbow injury. The day after injury occurred Plaintiff was taken to the hospital to address this medical need, and x-rays at that time revealed no visible damage to the elbow. These facts are insufficient to demonstrate that Defendants knew of but deliberately disregarded Plaintiff's serious medical need, and therefore Plaintiff's § 1983 deliberate indifference claim will be dismissed with prejudice.

**C.** **The John Doe Defendants**

The Amended Complaint (Doc. 7) names multiple John Doe defendants. None of these defendants have been served, the deadline to serve them has not been extended, and Plaintiff's amended complaint (Doc. 7) alleges no specific conduct by any John Doe defendant that would subject that defendant to liability to Plaintiff. Plaintiff additionally does not oppose dismissal of the John Doe defendants. Therefore, dismissal of the John Doe defendants from this action is

---

[2] Plaintiff's Amended Complaint alleges a claim for deliberate indifference to a serious medical need (Doc. 3, p. 2, ¶ 4 (incorporated by reference into Doc. 7)). However, in his response, Plaintiff states that "he does not claim to have a deliberate indifference claim." (Doc. 26, p. 5 n.2). The Court construes the Amended Complaint as alleging a deliberate indifference claim and the claim will be dismissed as discussed.

appropriate.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 21) for summary judgment is GRANTED IN PART and DENIED IN PART. All claims against Defendant Trotter are DISMISSED WITH PREJUDICE. Plaintiff's 42 U.S.C. § 1983 deliberate indifference to a serious medical need claim is DISMISSED WITH PREJUDICE. Plaintiff's claims against the John Doe defendants are DISMISSED WITH PREJUDICE. Plaintiff's individual capacity claims against Defendant Florence and Defendant Davis remain pending for trial.

IT IS SO ORDERED this 7th day of March, 2022.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
U.S. DISTRICT JUDGE